**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ILENE DUVALL,<br><br>                 Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                 Defendant. | Case No. 1:18-cv-00835 EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

      This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 7, 8, 9).

      At a hearing on June 25, 2019, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

\\\

**I.      Whether RFC Included Sufficient Limitations for Plaintiff's Irritable Bowel Syndrome**

Plaintiff first challenges the ALJ's RFC by arguing "The ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations, and failed to offer any reason for discounting all of Ms. Duvall's symptoms related to irritable bowel syndrome." (ECF No. 14, at p. 1).

At step 2, the ALJ found that Plaintiff's severe impairments included irritable bowel syndrome ("IBS"). (A.R. 21). However, at step 4, the ALJ found that Plaintiff had the residual functional capacity to perform the full range of medium work as defined in 20 CFR 416.967(c). (A.R. 25). The ALJ did not include any limitations specifically attributable to IBS.

The Court will affirm the ALJ's determination of Plaintiff's RFC if the ALJ applied the proper legal standard and his decision is supported by substantial evidence. <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1217 (9th Cir. 2005).

Here, substantial evidence supported the ALJ's decision not to incorporate any specific limitations into the RFC to account for Plaintiff's IBS. The ALJ's decision extensively examines Plaintiff's allegations and the medical record related to IBS. (AR 25-27). He included the following reasons, which are supported by the record:

- "Diagnostic images of her abdomen taken since the protective filing date have shown fecal material, scattered and non-specific bowel gas, and a subtle low-density area in the pancreatic body, but they revealed little definitive evidence of significant, chronic abnormalities. A colonoscopy done on August 11, 2015 found internal hemorrhoids but was otherwise normal." (A.R. 25, citations omitted).
- "In addition, the treatment records reflect that her medication is generally effective. She testified that her medication helps a lot and allows her to avoid hospitalization. Treatment records dated September 18, 2014, February 20, 2015, July 24, 2015, and May 9, 2016 also mentioned that her medication helps relieve her constipation. A treatment record dated June 2, 2016 reported that she was doing well on medication. According to a treatment record, dated May 21, 2016,

her medication is usually able to keep her chronic abdominal problems under control. According to a treatment record dated May 9, 2016, she has trouble with stool frequency only when she misses her medication." (AR 25-26, citations omitted).

- "The claimant has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. Despite her physical impairments, she is essentially independent in personal care. She is able to prepare simple meals, perform most household chores, and take care of 3 young grandchildren and a pet dog." (A.R. 26).
- "The record contains evidence suggesting that the claimant may be misrepresenting the degree of her limitations. The psychological consultative examiner believed that the claimant exhibited exaggerated demeanor and made inconsistent allegations during the examination." (A.R. 26)
- "[I]n the function report, she mentioned her digestive symptoms in passing only and did not even report frequent restroom use." (A.R. 26)
- "A review of the record in this case reveals no restrictions recommended by a treating source. It is also emphasized that all of the medical opinions in the record, which are discussed below, generally agreed the claimant could perform medium work, despite her impairments." (A.R. 26)

While the Plaintiff points to other evidence, largely consisting of Plaintiff's testimony, and also disagrees about the probative value of the reasons given, especially the discussion of activities of daily living, Plaintiff does not challenge these reasons or the citations given in support of them. The Court finds that they constitute substantial evidence in support of the RFC.

Plaintiff also appears to make a legal objection to the extent that the RFC did not include any specific limitations due to IBS notwithstanding IBS being considered a severe impairment at step 2. In light of the reasons given above, it would appear that the error, if any, would be in finding IBS to be a severe impairment at step 2, and not that additional limitations were required. Nevertheless, the Ninth Circuit has rejected this argument and found that each step is evaluated

3

separately from each other steps such that finding of a severe impairment at step 2 does not require any specific work limitations at later steps. See Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1228–1229 (9th Cir. 2009) ("Bray offers no authority to support the proposition that a severe mental impairment must correspond to limitations on a claimant's ability to perform basic work activities."); see also Hoopai v. Astrue, 499 F.3d 1071, 1075–1076 (9th Cir. 2007) ("Hoopai reasons that since the ALJ determined that his depression impairment was severe at step two, then it must constitute a significant non-exertional limitation at step five such that the assistance of a vocational expert is required. This argument lacks merit. . . . But even assuming that the ALJ found that the depression impairment alone was severe, a step-two determination that a non-exertional impairment is severe does not require that the ALJ seek the assistance of a vocational expert at step five.").

**II.     Whether the ALJ Erred in Failing to Address the Opinion of Dr. Stotts**

Plaintiff next argues that the ALJ committed legal error by failing to address the opinion from Dr. Stotts, who diagnosed Plaintiff with a cognitive impairment. It is undisputed that Dr. Stotts wrote her opinion in November 2008, almost six years before Plaintiff applied for Social Security Income in March, 2014.

As an initial matter, the parties disagree whether it is legal error to fail to address this medical opinion in the ALJ's decision. Plaintiff points to regulations stating that every medical opinion must be "considered" and "evaluated." See 20 C.F.R. § 404.1527 ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive. . . . Regardless of its source, we will evaluate every medical opinion we receive."); Shafer v. Astrue, 518 F.3d 1067, 1069 (9th Cir. 2008) ("the ALJ contravened governing regulations requiring him to develop the record when there is evidence of a medically determinable mental impairment and evaluate every medical opinion received."). Defendant, in contrast, points to case law that only probative evidence must be "discussed." See Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394–1395 (9th Cir. 1984) ("The Secretary, however, need not discuss *all* evidence presented to her. Rather, she must explain why "significant probative evidence has been rejected." Here, the evidence which

the Secretary ignored was neither significant nor probative.") (internal citations omitted).

This Court has not located definitive authority on whether the ALJ legally errs in failing to address a medical opinion substantially before the alleged onset date, which is controverted by another doctor. It is not able to determine on this record whether the ALJ considered and evaluated this medical opinion and failed to address it in his opinion, or whether he failed to consider it at all.

The Court need not address this legal issue because it finds that any error is harmless. The ALJ analyzed Plaintiff's allegations of mental and cognitive limitations extensively, including the following:

> She complains of memory problems and allegedly has difficulty following instructions. However, there is little objective evidence that she has had significant difficulties in this domain. The treatment records document little evidence of cognitive problems. In fact, during a mental consultative examination conducted in August 2014, she demonstrated no memory impairment and had no problem with communication, comprehension, or expression. She also exhibits no memory loss on September 30, 2016. She has the cognitive capacity to drive a car, prepare simple meals, perform most household chores, handle her own finances, take care of 3 young grandchildren and a pet dog, and help her grandchildren with homework. In addition, during an interview with a Social Security employee conducted on May 6, 2014, the claimant showed no difficulty understanding or answering questions. Moreover, the undersigned observed that the claimant was able to understand and answer questions during the hearing conducted on November 28, 2016.

(A.R., 23, citations omitted). Additionally, the ALJ did address the opinion of Dr. McDonald, who conducted a mental consultative examination in August 2014 and concluded that the claimant had no significant mental limitations. (A.R. 24, A.R. 322 et seq.) As this consultative examination was conducted within the relevant period, it was far more probative that Dr. Stotts' opinion from several years earlier.

### III. Conclusion

Thus, the Court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

\\\
\\\

5

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 2, 2019**           /s/ Eric P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE